# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**MAJED ABDULLAH MALIKI,**

    **Plaintiff,**

v.                                                             **Case No. 2:16-cv-06289**

**VIENNA WV POLICE DEPARTMENT,**
**and VIENNA WV POLICE CHIEF AND OFFICERS,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the defendants' Motion to Dismiss (ECF No. 6) and the defendants' Motion to Dismiss for Failure to Prosecute (ECF No. 9).

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On July 13, 2016, the plaintiff, Majed Abdullah Maliki, filed a Complaint (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). The Complaint, which has been construed as being filed under 42 U.S.C. § 1983, alleges that the plaintiff's civil rights have been violated at the hands of law enforcement for "nearly a decade." Specifically, the Complaint states:

> [F]rom the Spring of 2007 to date (nearly a decade), I have been continuously and unlawfully harassed, arrested, detained, humiliated, and denied the civil rights afforded to me by the Constitution of the United States of America. Furthermore, I claim that actions of injustice and misapplication of the law have made any chance of living a normal life non-

existent. These actions, made by nearly every officer within the department including the chief, have literally broke down and debilitated me mentally, emotionally, and ultimately physically.

(ECF No. 2 at 1).

The Complaint further alleges that "these actions were entirely made knowingly with malice and that these actions were performed with ill will and the intent of creating hardship and deprivation of fairness and that all were performed/fueled under/by a cloud of racial motivation." (*Id.* at 2). The plaintiff further alleges that it would be "humanly impossible" to identify each specific incident and that "much evidence has been lost due to a separate pending case." (*Id.*) He seeks $5.1 million in compensation. (*Id.*)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiff is seeking to proceed without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). However, before the court had conducted that screening and ruled on the Application, the defendants filed an Answer to the Complaint (ECF No. 4), and subsequently filed a Motion to Dismiss (ECF No. 6) and a Memorandum of Law in support thereof (ECF No. 7), asserting that the Complaint fails to state a claim upon which relief can be granted. After the plaintiff failed to respond to the Motion to Dismiss, and further failed to respond to discovery requests served on him by the defendants, the defendants also filed a Motion to Dismiss for Failure to Prosecute (ECF No. 9), a Memorandum of Law in support thereof (ECF No. 10), and a Supplemental Brief in support thereof (ECF No. 12).[1]

---

1 By separate Order, the undersigned has denied, without prejudice, the defendants' anticipatory Motion to Strike (ECF No. 8) and the defendants' Motion to Compel Plaintiff to Respond to Defendants' First Set

2

# **STANDARD OF REVIEW**

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

---

of Interrogatories and Requests for Production of Documents (ECF No. 11), in light of the recommendation contained herein to dismiss this civil action.

129 S. Ct. at 1949-50.

## ANALYSIS

### A. Dismissal under Fed. R. Civ. P 41(b) is appropriate due to the plaintiff's failure to participate and prosecute this matter.

On July 25, 2016, the defendants filed an Answer to the Complaint (ECF No. 4). Then, on August 2, 2016, the defendants served discovery requests on the plaintiff (*see* Certificate of Service contained in ECF No. 5). They subsequently filed their initial Motion to Dismiss on August 31, 2016. (ECF No. 6). After the plaintiff failed to respond to the Motion to Dismiss and the defendants' discovery requests, the defendants filed a Motion to Dismiss for Failure to Prosecute (ECF No. 9) and a Memorandum of Law in support thereof (ECF No. 10). They also filed a separate Motion to Compel concerning their unanswered discovery requests. (ECF No. 11). Again, the plaintiff failed to respond in any way to these documents. Consequently, the defendants filed a Supplemental Brief in support of their Motion to Dismiss for Failure to Prosecute (ECF No. 12), advising the court of all these facts and requesting the dismissal of this matter with prejudice.

The defendants' motion documents rely on Rule 41(b) of the Federal Rules of Civil Procedure, which provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a

history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

The defendants contend that the plaintiff is wholly at fault for the inaction and delay in this matter, and that the plaintiff's actions demonstrate a history of dilatory conduct that prejudices their ability to defend this matter. Furthermore, the defendants assert that no sanction less drastic than dismissal is appropriate given the plaintiff's history of failing to respond and participate in this matter. The undersigned agrees.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has wholly failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

> **B.** **Dismissal under Fed. R. Civ. P. 12(b)(6) is also appropriate because the Complaint fails to state a claim upon which relief can be granted.**

Even if the District Court determines that dismissal for failure to prosecute is not warranted, the defendants' initial Motion to Dismiss asserts that the Complaint should be dismissed because it fails to state any plausible claim for relief. As noted above and in the defendants' Memorandum of Law, in order to survive a motion to dismiss, the Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Twombly, supra*, 550 U.S. at 570. (ECF No. 7 at 2). Thus, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, supra*, 556 U.S. at 678. (*Id.*) A civil rights complaint can survive a motion to dismiss only if it "alleges the specific conduct violating the plaintiff's right, the time and the place of that conduct, and the

5

identity of the responsible officials." *Preast v. McGill*, 65 F. Supp.2d 395, 403 (S.D. W. Va. 1999) (quotations marks and citation omitted).

42 U.S.C. § 1983, provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by <u>a person</u> acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

The defendants' Motion to Dismiss asserts that, although "Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies," *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), a police department is not a separate legal entity apart from the municipality that is capable of being sued. As noted by the defendants' Memorandum of Law, under West Virginia law, "a city police department is not a separate suable entity from the City but merely a subdivision of the City." *Fisher v. Morrison*, No. 2:13-cv-31140, 2014 WL 4418196, at *2 (S.D. W. Va. Sept. 8, 2014) (Johnston, J.); *see also Toft v. Napier*, No. 2:10-cv-01121, 2011 WL 3862118, at *4 (S.D. W. Va. Aug. 31, 2011) (Johnston,

J.) and *Polk v. Town of Sophia*, No. 5:13-cv-14224, 2013 WL 6195727, at *4 (S.D. W. Va. Nov. 27, 2013) (Berger, J.).

Accordingly, the defendants contend that the Vienna, WV Police Department is not a "person" under section 1983 and, thus, must be dismissed as a defendant herein. Their Memorandum of Law further asserts that similar findings have been consistently made by other courts. *See, e.g., Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n. 3 (3d Cir. 2005); *Petaway v. City of New Haven Police Dep't*, 541 F. Supp.2d 504, 510 (D. Conn. 2008); *Higgenbottom v. McManus*, 840 F. Supp. 454, 456 W. D. Ky. 1994); *Johnson v. Hurt*, 893 F. Supp.2d 817, 826 (S.D. Tex. 2012). (ECF No. 7 at 4).

The defendants' Motion to Dismiss further asserts that, even assuming that the Vienna, West Virginia Police Department, as an arm of a municipality is a proper party, the municipality cannot be held vicariously liable thereunder for the actions of its employees (under a theory of *respondeat superior*). *Monell*, 436 U.S. at 691. Rather, the plaintiff must allege and prove that the constitutional deprivation he claims was directly caused by, or resulted from, the execution of an official policy or custom instituted by the municipality. *Id.* at 694; *see also Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987) ("Section 1983 plaintiffs seeking to impose liability on a municipality must . . . adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of rights."). (ECF No. 7 at 5).[2]

---

2 The defendants' Memorandum of Law further notes the following authority concerning how an official policy or custom may be established:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers that "manifest[s] deliberate indifference to the rights of

The defendants correctly contend that the Complaint herein contains no such allegations. (*Id.* at 6-7).

Additionally, although the Complaint also names the "Vienna, WV Police Chief and Officers" as defendants, it fails to identify the Police Chief or any individual officers and fails to articulate any specific facts concerning conduct by those individuals that would give rise to a plausible federal constitutional claim. Absent any factual allegations relating directly to a specific defendant, it is unclear if the Complaint is making a claim of direct liability or supervisory liability as to any of these defendants, and whether such claims are aimed at the defendants in their individual or official capacities. Thus, the defendants cannot ascertain how the plaintiff claims each defendant violated a specific federal constitutional right or statute, and, therefore, the defendants cannot properly assert potential defenses to such claims.

As noted by the defendants, "although Plaintiff offers in a conclusory manner that he has been harassed, arrested, detained and humiliated, he fails to plead the existence of any conduct which plausibly states a claim of unlawful arrest or detention or the violation of any other right secured by the United States Constitution. (ECF No. 7 at 10). The plaintiff has not disputed these contentions. Consequently, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint, as pled, fails to state a claim upon which relief can be granted.

---

citizens;" or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Simmons v. Corizon Health, Inc.*, 136 F. Supp.3d 719, 722 (M.D.N.C. 2015) (quoting *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003); *see also Jenkins v. Woody*, No. 3:15CV355, 2015 WL 8665457, at *5 (E.D. Va. Dec. 11, 2015). (ECF No. 7 at 6).

## RECOMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' unopposed Motion to Dismiss (ECF No. 6) and their unopposed Motion to Dismiss for Failure to Prosecute (ECF No. 9) and **DISMISS** this civil action pursuant to Rules 41(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

May 26, 2017

Dwane L. Tinsley
United States Magistrate Judge